PER CURIAM.
By this appeal, the appellants seek review of convictions [upon a non-jury trial] judgments and sentences thereon charging them with certain violations of the Statutes of *705 this State, to wit: (1) Unlawfully setting up, promoting or conducting a lottery for money or anything of value, in violation of § 849.09(1) (a), Fla.Stat., F.S.A., (2) Unlawfully aiding or assisting in setting up, promoting or conducting a lottery, or were then and there interested in or connected with a lottery or lottery drawing in violation of § 849.09(1) (d), Fla.Stat., F.S.A., (3) Unlawfully selling a lottery share representing an interest in a live lottery not yet played, or representing or having represented an interest in a lottery already played, in violation of § 849.09(1) (g), Fla.Stat., F.S.A., (4) Unlawful possession of lottery tickets, lottery schemes or devices representing an interest in a lottery already played, in violation of § 849.09(1) (h), Fla.Stat, F.S.A.
The trier of the facts adjudicated Stahl guilty on counts 2 and 4; adjudicated the appellants, Duga and Miller, guilty on all counts.
Upon this appeal, the appellants urge error in permitting the confession of the appellant, Stahl, to be introduced into evidence prior to the establishment of the corpus delicti, and the sufficiency of the evidence to support the convictions. We find no merit in either of the contentions and affirm the convictions and judgment and sentence thereon.
The appellant, Stahl, relies heavily upon the case of Borrego v. State, Fla.1952, 62 So.2d 43. We find the factual situation in the case at bar distinguishable from that existing in the cited case, in that the appellant, Stahl, was charged with the responsibility of running the commercial establishment and was in control of the premises. That she had knowledge of the lottery operation which had been taking place in her presence, and that the physical evidence [lottery tickets, lottery pads, pick sheets and cash] was all found in the room she was occupying at the time of her arrest, whereas in the cited case there was no scintilla of evidence that Rosa Borrego was in possession of any tickets of any kind whatsoever. To the contrary, the evidence only showed she was in another room sweeping behind a bed when she was arrested. Therefore, we find this case not applicable in this instance, and the convictions, judgments and sentences here under review are hereby affirmed.
Affirmed.